AUGUST E. WURZELL v. GOTTFRIED BECKMAN.

*Wills—Revocation.*

Where the contestant of a will claimed that it had been revoked by a later will which had been destroyed, and the proponent sought to show that testator was incompetent to make the second will, the testimony of testator's physician and of others that testator had said she wanted the first will to stand, is inadmissible upon an issue of competency, and cannot sustain a finding that there was a revoking clause but that testator did not so understand.

Error to Macomb. (Stevens, J.) Jan. 16.—Jan. 29.

Appeal from refusal to probate a will. Contestant brings error. Reversed.

*Crocker & Hutchins* for appellant.

*Edgar Weeks* and *Otto Kirchner* for appellee, as to the admissibility of the evidence, cited *Beaubien v. Cicotte* 12 Mich. 459; *Harring v. Allen* 25 Mich. 505; *Waterman v. Whitney* 11 N. Y. 157; *Brunt v. Brunt* L. R. 3 Prob. & Div. 37; the question of mental capacity to make a second will is made immaterial by a special finding that testatrix did not know or understand that the second will contained a revocatory clause. 1 Redf. Wills 181; *Re Duane* 8 Jurist N. S. 752; *Clarkson v. Clarkson* 2 Sw. & Tr. 497: 31 L. J. 143; *Brown v. Brown* 8 E. &. B. 876.

COOLEY, C. J. Wurzell is proponent of an instrument purporting to be the last will and testament of Louisa Wurzell, his wife, which bears date June 19, 1876. Mrs. Wurzell died in July, 1882. Beckman is her brother and contests the probate. The will gives to Beckman an annuity of thirty dollars, and gives all the remaining property to proponent. The probate court disallowed the will, and proponent appealed to the circuit court.

On the trial in the circuit court the due execution of the will now in controversy was not contested, but Beckman produced evidence which appeared to show unmistakably that in 1881 Mrs. Wurzell executed a new will with due formality, whereby she disposed of all her property in a somewhat different manner from that in which it was disposed of by the first will. This second will contained a clause expressly revoking prior wills. The draughtsman, who was a witness to prove it, testified on his direct examination that he was expressly instructed by Mrs. Wurzell to insert in this will a clause of revocation; but on his cross-examination this statement is, to say the least, left in doubt. He stated, however, that after the will was drawn he read and explained it to Mrs. Wurzell, and that she understood it, and said she would procure the will now in question—which was not then present—and have it destroyed. She did not, however, do this, and at a subsequent time she destroyed the second will with a manifest purpose to revoke it.

The contestant does not rely upon the second will except as a revocation of the first. The proponent claimed that Mrs. Wurzell was not of sound mind when the second will was executed; but we look in vain in this record for evidence tending to show it. Much of the evidence put in by proponent to show the incapacity of Mrs. Wurzell had no tendency to prove anything but that she had become dissatisfied with the second will, and desired the first will to stand. The evidence of her physician may be taken as an illustration. He testified that he was with her from January, 1882, until her death. He was then asked what she

told him about the first will. The evidence was called for on this issue of mental competency to make the second will, and was admitted by the court against the objection of the contestant. The answer was that she told him she wanted the first will to stand, and she went on to assign a reason for this, which it is not material to repeat here. Now, while the answer did not in the slightest degree tend to show any want of mental capacity, it did tend to prejudice the jury against the contestant's case, and it is scarcely possible that its influence should not have been damaging. Considerable evidence of a similar nature was put in on the same nominal ground, and there was error in receiving any of it.

It is contended on behalf of proponent that all the rulings on the admission of this evidence were rendered immaterial by the special findings of the jury. The jury found, in answer to special questions, that the second will contained a clause of revocation, but that Mrs. Wurzell did not understand the fact when she executed it. If this finding had been made upon competent evidence, the argument would have had some basis; but there was no evidence to support it, and very strong evidence to the contrary.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.